# UNITED STATES BANKRUPTCY COURT

## FOR THE WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| In re | ) | Case No. 16-43812-BDL |
| | ) | |
| | ) | OBJECTION TO CONFIRMATION OF |
| Donald Eugene Lee, Jr. | ) | CHAPTER 13 PLAN (Advantis Credit Union) |
| | ) | |
| Debtor. | ) | |

Advantis Credit Union ("Advantis") is a secured creditor of Donald Eugene Lee, Jr. (the "Debtor") pursuant to three debts:

Home Equity Credit Trust Deed ("Second Mortgage"). Debtor entered into an Open End Home Equity Credit Agreement with Advantis on September 15, 2008, which is secured by a trust deed lien on the Debtor's real property residence located at 22705 NE Mountain View Court, Ridgefield, WA 98642 (the "Real Property"). The balance owing on the Mortgage as of the date of the bankruptcy filing is $82,673.00. The pre-petition arrears is $21,478.00.

2002 Infiniti Auto Loan ("Auto Loan"). Debtor entered into a contract with Advantis secured by Debtor's 2002 Infiniti Q45 (the "Infiniti"). The estimated principal balance owing on the Auto Loan as of the date of the bankruptcy filing is $1,803.98.

**PAGE 1 OF 2 - OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN (Advantis Credit Union)**

**MONSON LAW OFFICE P.C.**
1865 NW 169th Place, Suite 208
Beaverton, OR 97006
Telephone: 503-828-1820
Facsimile: 503-828-1893

<u>Visa Credit Card ("Visa").</u> Debtor entered into a Visa credit card agreement with Advantis on July 9, 2007. The estimated principal balance owing on the Visa as of the date of the bankruptcy filing is $4,448.15.

Advantis objects to confirmation of the chapter 13 plan dated September 28, 2016 (the "Plan") on the following grounds:

1. Advantis objects to Plan section XII.*B. It is not reasonable to sell or refinance in 24 months.

2. Advantis objects to Plan section IV.C.3 because it does not cure the Second Mortgage within a reasonable time. 11 U.S.C. §1325(b)(5).

3. The proposed monthly payments on the Auto Loan are not sufficient to provide Advantis adequate protection. 11 U.S.C. §1325(a)(5)(B)(iii)(II).

4. The Plan's post-confirmation 5 percent interest rate for the Auto Loan fails to follow the Supreme Court's formula approach provided in Till v. SCS Credit Corporation, 541 U.S. 465, 124 S.Ct. 1951, 1961 (2004), which looks to the national prime rate and then adjusts the prime rate to account for the greater nonpayment risk that bankrupt debtors typically pose.

WHEREFORE, Advantis respectfully requests that the Court deny confirmation of the Plan until these objections are resolved.

MONSON LAW OFFICE P.C.


/s/ Scott J. Mitchell
Scott J. Mitchell, WSB No. 48619
Attorneys for Advantis Credit Union

clients\385\383\lee.obj.conf

**PAGE 2 OF 2 - OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN (Advantis Credit Union)**

**MONSON LAW OFFICE P.C.**
**1865 NW 169th Place, Suite 208**
**Beaverton, OR 97006**
**Telephone: 503-828-1820**
**Facsimile: 503-828-1893**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2016, I served the foregoing OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN (Advantis Credit Union) on the following by mailing first class to each a copy thereof to the address(es) below, each contained in a sealed envelope, with postage prepaid, and deposited in the United States Post Office at Beaverton, Oregon:

Donald Eugene Lee, Jr.
22705 NE Mountain View Ct.
Ridgefield, WA 98642

THE FOLLOWING SERVED BY ELECTRONIC MAILING ONLY:

Richard S. Ross, Attorney for Debtor

Michael G. Malaier, Chapter 13 Trustee

U.S. Trustee, Seattle Office

MONSON LAW OFFICE P.C.

/s/ Scott J. Mitchell
Scott J. Mitchell, WSB No. 48619
Attorney for Advantis Credit Union

PAGE 1 OF 1 - CERTIFICATE OF SERVICE